UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ADRIENNE M. WOODY,

                Plaintiff,

  v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

                Defendant.

CASE NO. C14-0792-JCC-MAT

REPORT AND RECOMMENDATION RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff Adrienne M. Woody proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda, the Court recommends that this matter be REMANDED for an award of benefits.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1968.[1] She has a high school education and some community college. She has past relevant work as a home attendant, general clerk, labor- stores,

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

REPORT AND RECOMMENDATION
PAGE - 1

case aid, and telephone operator. (AR 31.)

Plaintiff filed an application for DIB and SSI benefits on July 2, 2010, alleging disability beginning January 3, 2010.  She is insured for DIB through September 30, 2010.  (AR 22.) Plaintiff's applications were denied at the initial level and on reconsideration. Plaintiff timely requested a hearing.

On November 29, 2012, ALJ Rebekah Ross held a hearing, taking testimony from plaintiff and a vocational expert.  (AR 376-424.)  On December 26, 2012, the ALJ issued a decision finding plaintiff not disabled from January 3, 2010 through the present. (AR 20-32.)

Plaintiff timely appealed.  The Appeals Council denied plaintiff's request for review on April 11, 2014 (AR 4-7), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must be determined whether the claimant is gainfully employed.  The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date.  At step two, it must be determined whether a claimant suffers from a severe impairment.  The ALJ found plaintiff's osteoarthritis, osteonecrosis, diabetes mellitus, major depressive disorder, bi-polar disorder, social anxiety disorder, and cognitive disorder not otherwise specified severe.  Step three asks whether a claimant's impairments meet or equal a listed impairment.  The ALJ found that plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work.  The ALJ found plaintiff able to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) subject to limitations.  She can occasionally climb, balance, and stoop, but never kneel, crouch, and crawl.  She can never climb ropes, ladders, or scaffolds and must avoid concentrated exposure to vibrations and hazards such as machinery and heights.  She is limited to unskilled work with simple repetitive tasks and can tolerate only rare changes in the work setting.  She can have no interaction with the public and only occasional, superficial interaction with coworkers.  She is limited to tasks involving dealing with things rather than people.  With that assessment, the ALJ found plaintiff unable to perform her past relevant work.

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy.  With the assistance of a vocational expert, the ALJ found plaintiff capable of performing other jobs, such as small products assembler, inspector/hand packager, and garment holder.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278 F.3d 947, 954

REPORT AND RECOMMENDATION
PAGE - 3

(9th Cir. 2002).

Plaintiff argues that the ALJ erroneously evaluated the medical opinion evidence, failed to assess plaintiff's RFC based on substantial evidence in the record, and erred at step five. She requests remand for further administrative proceedings. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

## Medical Evidence

In evaluating the weight to be given to the opinions of medical providers, Social Security regulations distinguish between "acceptable medical sources" and "other sources." Acceptable medical sources include, for example, licensed physicians and psychologists, while other non-specified medical providers are considered "other sources." 20 C.F.R. §§ 404.1513(a) and (d), 416.913(a) and (d), and Social Security Ruling (SSR) 06-03p.

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "'clear and convincing'" reasons. *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Plaintiff argues the ALJ failed to provide legally sufficient reasons for giving limited weight to the opinion of examining psychologist David Dixon, Ph.D. (AR 30) and treating physician Beth Sandman, M.D. (AR 31), but significant weight to the opinion of nonexamining

REPORT AND RECOMMENDATION
PAGE - 4

state agency psychological consultant Diane Fligstein Ph.D. (AR 30).  The Court agrees with plaintiff.

A.     David Dixon Ph.D.

Dr. Dixon conducted a consultative psychological examination on October 15, 2010. (AR 267-74.)  The evaluation included a formal mental status examination, and standardized testing consisting of the Wechsler Memory Scale IV (WMS-IV) and the Trail-Making Test. (AR 267.)

The ALJ gave "limited weight" to Dr. Dixon's opinions that plaintiff's persistence was fair, but her ability to sustain concentration was poor, her ability to interact socially was affected by her depression, and that she would not adapt to new environmental conditions. (AR 29-30.) The reasons given by the ALJ were that plaintiff's depression appeared situational due to her recent cerebrovascular accidents, finding that plaintiff fully recovered from those incidents within twelve months, and that plaintiff did not seek any additional mental health treatment or complain of depressive or cognitive symptoms despite having insurance.  (*Id.*)

The Court finds the ALJ's evaluation of Dr. Dixon's opinions to lack substantial evidence.  There is no medical evidence support for the ALJ's characterization of plaintiff's depression as "situational," resolving within twelve months.  To the contrary, as plaintiff notes, the record establishes that plaintiff's depression is connected to her memory deficits (AR 269), which the record does not show to have resolved.  More than twelve months after the cerebrovascular accident, psychological testing continued to show these deficits.  (AR 272.)

The Court also agrees that the other reason given by the ALJ for giving limited weight to Dr. Dixon's opinions does not stand up under scrutiny.  The ALJ referenced a failure on plaintiff's part to seek additional mental health treatment or to complain of depressive or cognitive symptoms, despite having medical insurance.  (AR 30.)  Plaintiff did complain of

REPORT AND RECOMMENDATION
PAGE - 5

depressive and cognitive symptoms to Dr. Dixon (AR 269), and did eventually seek mental health treatment at Sound Mental Health, explaining that she had tried to "put on a front" but did not want to do so anymore, acknowledging that she was sick, depressed, and overwhelmed.  (AR 354, 395.)

The Court finds the ALJ failed to provide legally sufficient reasons for giving limited weight to Dr. Dixon's opinions.

B.   Beth Sandman, M.D.

Plaintiff was evaluated on August 31, 2012 by Beth Sandman M.D. at Sound Mental Health.  (AR 351-53.)  Dr. Sandman completed a "Medical Source Statement of Ability to Do Work-Related Activities (Mental)" on November 28, 2012, assessing moderate and marked restrictions.  (AR 367-69.)  Again, the Court agrees with plaintiff that the reasons given by the ALJ for giving limited weight to these opinions do not stand up under scrutiny.

The ALJ noted that Dr. Sandman had only been treating plaintiff a few months prior to the hearing, which is an appropriate factor to consider in evaluating medical opinion evidence.  20 C.F.R. §§ 404.1527(c)(2)(i), 416.927(c)(2(i).  However, it appears the ALJ misinterpreted Dr. Sandman's opinion in pertinent part.  The ALJ cites Dr. Sandman's assessment as finding plaintiff unable "to focus and carry out even simple instructions," finding such a limitation not supported by the objected evidence.  (AR 30.)  This is not correct.  Dr. Sandman assessed plaintiff as having "moderate limitations, but…still able to function satisfactorily" in the ability to "carry out short, simple instructions."  (AR 367.)  The ALJ attributes to Dr. Sandman, without support in the medical record itself, a check-the-box finding by an unknown evaluator in plaintiff's initial assessment at Sound Mental Health that plaintiff's memory and thought processes were intact.  (*Id.*; AR 361.)  Nor does the Court find support in Dr. Sandman's report

REPORT AND RECOMMENDATION
PAGE - 6

for the ALJ's conclusion that the doctor's assessment of plaintiff's limitations was based on plaintiff's report of symptoms, as the doctor specifically cites the diagnoses of bipolar and social anxiety disorders by other psychiatrists. (AR 368.) Finally, the Court agrees with plaintiff that the ALJ's characterization of plaintiff's history of hallucinations as "not credible" is unsupported by substantial evidence. Contrary to the ALJ's unsupported conclusion that neither plaintiff's past work or her educational endeavors were impeded by her alleged hallucinations, the record establishes otherwise. (*See, e.g.* AR 387, 391, 400, 406.)

The Court finds the ALJ's assessment of Dr. Sandman's opinions lacking in substantial evidence.

C.   Diane Fligstein Ph.D.

Plaintiff challenges the ALJ's assignment of "significant weight" to the opinion of non-examining consultant Diane Fligstein Ph.D., that plaintiff could "perform simple tasks in a predictable environment." The ALJ based this finding on the conclusion that this ability was consistent with plaintiff's ability to care for her three children and attend three college courses. (AR 30, 292.) Plaintiff does not dispute the finding that she is able to perform simple tasks, but argues the sustained performance of such tasks "in a predictable work environment" is not supported by either her ability to care for her school age children with the assistance of her twenty two year old daughter, or her lack of success in her college classes.

After completing the Mental Residual Functional Capacity Assessment after a records review on October 26, 2010, Dr. Fligstein wrote:

> Claimant retains the ability to understand, remember, and carry out simple instructions.   Claimant may experience some difficulty with extended concentration and maintaining attendance/pace in the workplace, but should be able to perform simple tasks on a reasonably consistent basis. Claimant would likely benefit from a predictable work environment in which she is not

REPORT AND RECOMMENDATION
PAGE - 7

responsible for setting or maintaining personal goals.

(AR 292.)

The Court finds the ALJ's restatement of Dr. Fligstein's opinion an oversimplification of the consultant's opinion regarding plaintiff's ability to work, omitting the qualifier "on a reasonably consistent basis" as stated by Dr. Fligstein.  It is not possible to ascertain from the rest of the consultant's check-the-box completed questionnaire what was meant by this qualifier, and the ALJ does not address it.  As stated by plaintiff, the extent to which she is able to care for her children with assistance, taken together with a less than successful effort to complete college courses, does not provide a reasonable basis to assess plaintiff's ability to work.  The Court agrees with plaintiff that the ALJ did not provide legally sufficient reasons for giving significant weight to this portion of Dr. Fligstein's opinion.

## RFC Finding

Plaintiff argues the ALJ erred in assessing her RFC, and, therefore, her ability to perform work. As the Court finds error in the assessment of the medical opinion evidence described above, it necessarily follows that the RFC must be found deficient in this regard.

Furthermore, the Court agrees the ALJ failed to provide a reasonable explanation for the physical capacity finding that plaintiff is able to perform light work with standing up to six hours a day, in light of her step two severe impairments of osteoarthritis and osteonecrosis in the hip and knee.  (AR 23.)  While the Commissioner correctly notes a finding of a severe impairment at step two does not necessarily infer corresponding limitations in functional capacity, the ALJ's decision must reflect consideration of "all factors that might have a 'significant impact on an individual's ability to work.'"  *Erickson v. Shalala*, 9 F.3d 813, 818 (9th Cir. 1993) (quoting *Varney v. Secretary of HHS*, 846 F.2d 581, 585 (9th Cir.), *relief modified,* 859 F.2d 1396

REPORT AND RECOMMENDATION
PAGE - 8

(1988)). Here, the ALJ's assessment of plaintiff's physical capacity lacks any explanation or reference to medical opinion evidence that would support the RFC finding.

### Credit as True Doctrine and Remedy

"Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, [the Court credits] that opinion as 'a matter of law.'" *Lester*, 81 F.3d at 830-34 (finding that, if doctors' opinions and plaintiff's testimony were credited as true, plaintiff's condition met a listing) (quoting *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989)). In *Garrison v. Colvin*, 759 F.3d 995 (9th Cir. 2014), the Ninth Circuit clarified the authority of the District Courts to affirm, modify, or reverse a decision of the Commissioner with or without remanding a case for further proceedings upon application of the credit as true doctrine. Not every credit as true case requires remand for an award of benefits. *Id.*, at 1023, n. 31. However, if it is clear from the record the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited and there is no need to further develop the record, remand for an award of benefits is an appropriate remedy. "[I]f grounds for [concluding that a claimant is not disabled] exist, it is both reasonable and desirable to require the ALJ to articulate them in the original decision." *Id.,* at 1019.

Finding legally insufficient reasons for the ALJ's failure to credit the opinions of examining physician Dr. Dixon and treating physician Dr. Sandman, the Court finds it appropriate to require their opinions be credited as true. The Court further concludes, in light of the ALJ's finding that plaintiff is disabled at step four and the error in assessing plaintiff's physical functional capacity as discussed previously, that the remainder of the record shows plaintiff to be disabled without necessity of remand for further proceedings to reconsider her RFC.

REPORT AND RECOMMENDATION
PAGE - 9

## CONCLUSION

For the reasons set forth above, this matter should be REVERSED and REMANDED for a calculation and award of benefits.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14)** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 5, 2014**.

DATED this 18th day of November, 2014.

Mary Alice Theiler
Chief United States Magistrate Judge